**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AWNTWANAY SWEPSON,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRA ECHEVARRIA,<br><br>Defendant. | Case No. 26-1292-HLT-BGS |

**MEMORANDUM AND ORDER PROVISIONALLY GRANTING MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

This matter comes before the Court on Plaintiff Awntwanay Swepson's Motion to Proceed Without Prepayment of Fees (Doc. 3). For the reasons explained below, the motion is provisionally granted pending completion of the Court's screening under 28 U.S.C. § 1915(e)(2).

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." To succeed on an IFP motion, "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Plaintiff reports being unemployed and having $8 in cash and bank accounts. Doc. 3-1 at 2, 4. The affidavit also lists a vehicle with $25,000 remaining on the loan, along with over $1,000 in monthly expenses for housing, transportation, utilities, food, and credit card payments. *Id.* at 4–6. But the affidavit does not clearly establish Plaintiff's current income.

In the section asking about money received during the preceding 12 months, Plaintiff lists $4,428 in benefits from the Department of Veterans Affairs ("VA"). *Id.* at 4. The affidavit does not explain whether $4,428 represents a monthly benefit, a one-time payment, or the total received over another period. Nor does it identify whether benefits continue and, if so, their current amount and frequency. The Court therefore cannot treat the affidavit as establishing $4,428 in recurring monthly income or reliably compare Plaintiff's current income with the listed monthly expenses.

Plaintiff also reports receiving $14,000 from other sources during the preceding 12 months. Doc. 3-1 at 5. Although Plaintiff reports only $8 in cash and bank accounts, the affidavit does not explain when the $14,000 was received, how those funds were used, or what portion, if any, remains available.

The Court is currently addressing the sufficiency of the complaint in a separate Order to Show Cause. Given that ongoing screening, the Court will defer requiring additional financial information and provisionally grant leave to proceed without prepayment of fees. If the action survives screening, the Court will require a supplemental financial affidavit clarifying the amount and frequency of Plaintiff's VA benefits, accounting for the reported $14,000, and identifying Plaintiff's current income and assets. The accounting must explain when Plaintiff received the funds, how they were spent or otherwise used, and whether any portion remains as cash or other assets. The Court will reconsider financial eligibility at that time. Plaintiff need not submit this supplemental information unless directed by further order but must comply with the separate Order to Show Cause.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) is **provisionally GRANTED**. If this action survives screening, the Court will require Plaintiff to supplement her financial affidavit and will reconsider whether she qualifies to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that the Clerk shall not issue summons or otherwise effect service of process unless directed by further order of the Court.

**IT IS SO ORDERED**.

Dated September 24, 2026, at Wichita, Kansas.

/s/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge